NOT FOR PUBLICATION (Doc. No. 62)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WORLDSCAPE, INC., | : | |
| Plaintiff, | : | Civil No. 10-4207 (RBK/KMW) |
| v. | : | **OPINION** |
| SAILS CAPITAL MANAGEMENT, S.A.R.L., et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge

This matter comes before the Court by way of Defendant VT Wealth Management's ("VTWM") letter requesting that the Court revisit its earlier decision denying VTWM's motion to dismiss Plaintiff WorldScape, Inc.'s ("WorldScape") Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and ordering the parties to conduct limited jurisdictional discovery.  WorldScape and VTWM have concluded discovery and submitted supplemental briefing to Court.  (Doc. Nos. 54, 56.)  Based on the record before the Court, and for the reasons stated herein, VTWM's request will be **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The factual background of this case is set forth in the Court's Opinion dated August 5, 2011, which is incorporated by reference as though fully set forth herein.  See WorldScape, Inc. v. Sails Capital Mgmt., No. 10-4207, 2011 WL 3444218, at *1-2 (D.N.J. Aug. 5, 2011).  As

Court presumes that the parties have familiarity with its earlier Opinion, it will only recite those facts necessary to resolve the instant matter.

On December 6, 2010, VTWM moved to dismiss WorldScape's Amended Complaint. (Doc. No. 19.) On August 5, 2011, the Court issued an Opinion and Order denying the motion to dismiss, and granting WorldScape leave to conduct jurisdictional discovery. WorldScape, 2011 WL 3444218, at *7-8 (stating that "although the plaintiff bears the burden of establishing personal jurisdiction, a court should assist the plaintiff by allowing jurisdictional discovery unless the claim of jurisdiction is 'clearly frivolous.'").

Subsequent to the Court's August 5, 2011, Opinion and Order, WorldScape and VTWM conducted jurisdictional discovery over a period of several months. WorldScape then moved to amend its Amended Complaint on November 7, 2011, to add VT Wealth Management and Bank Vontobel A.G. as parties and to correct the name of Vontobel Group.[1] (Doc. No. 46.) WorldScape's motion for leave to file a Second Amended Complaint was granted in an Order dated March 13, 2012. (Doc. No. 57.) WorldScape then filed its Second Amended Complaint on March 16, 2012. (Doc. No. 58.) In the interim, WorldScape and VTWM submitted supplemental briefing on the issue of personal jurisdiction. (Doc. Nos. 54, 56.)

Although supplemental briefing on the issue of personal jurisdiction was filed before WorldScape filed its Second Amended Complaint, WorldScape acknowledged that its Second Amended Complaint had not changed "in any material way from the facts alleged in [its] initial complaint." (WorldScape Mot. to Amend 3, Doc. No. 46.) Indeed, as VTWM pointed out in its opposition to WorldScape's motion for leave to amend, the proposed Second Amended

---

[1] WorldScape originally filed suit against Vontobel Group, an entity that VTWM claimed did not exist. (See Compl., Doc. No. 1.) When WorldScape amended its Complaint for the first time on September 3, 2010, it kept Vontobel Group as the named defendant. However, WorldScape's counsel subsequently agreed to substitute VT Wealth Management as the "Vontobel" Defendant entity. (See VTWM Mot. to Dismiss 2 n.2, Doc. No. 19.)

Complaint did not even add any new jurisdictional allegations.  (VTWM Opp'n to Mot. to Amend 4, Doc. No. 49.)

On June 19, 2012, VTWM filed a letter requesting that the Court dismiss the Second Amended Complaint against VTWM, noting that the Second Amended Complaint contained no new allegations against VTWM, but only included allegations against Bank Vontobel AG.  (Doc. No. 62.)  The Court now turns to the parties' relevant filings.

## II. LEGAL STANDARD

Generally, "once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  The plaintiff may not "rely on the bare pleadings alone in order to withstand the defendant's . . . motion . . . ."  Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Instead, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."  Id.

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry.  IMO Indus., Inc. v. Kierkert, AG, 155 F.3d 254, 259 (3d Cir. 1998).  First, the court must apply the relevant state's long-arm statute to see if it permits the exercise of personal jurisdiction.  Id.; see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) ("[A] federal district court may assert jurisdiction over a non-resident of the state in which the court sits to the extent authorized by the law of the state.") (quoting Fed. R. Civ. P. 4(k)).  Second, the court must apply the principles of due process.  IMO Indus., Inc., 155 F.3d at 259.  In New Jersey, this inquiry is conflated into a single step because "[t]he New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection."  Carteret Sav.

3

Bank, FA, 954 F.2d at 145 (citing N.J. Court R. 4:4–4(c)).

Due process permits the exercise of personal jurisdiction over a non-resident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (internal quotation marks and citations omitted). A plaintiff may establish personal jurisdiction by proving the existence of either general or specific jurisdiction. Id. To establish general jurisdiction, the plaintiff must show that the defendant's forum contacts are "continuous and substantial," which requires "significantly more than mere minimum contacts." Id. (citing Gehling v. St. George's Sch. Of Med., Ltd., 773 F.2d 539, 541 (3d Cir. 1985); Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877 (3d Cir. 1981)).

On the other hand, establishing traditional specific jurisdiction through "minimum contacts" involves a three-part inquiry. Marten, 499 F.3d at 296. First, "the defendant must have purposefully directed his activities at the forum." Id. (internal quotation marks omitted). Second, the plaintiff's claim must "'arise out of or relate to' at least one of those specific activities." Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)). Third, courts may consider "additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice." Id. (internal quotation marks and modifications omitted). These fairness factors include:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, 205-06 (3d Cir. 1998) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)) (internal quotation marks omitted).

4

Although "[a]ctivities of a party's agent may count toward the minimum contacts necessary to support jurisdiction," Grand Entm't Grp. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993) (citations omitted), "[j]urisdiction is proper . . . [only] where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Burger King Corp., 471 U.S. at 475 (emphasis in original) (citations omitted). "The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The "effects test," an alternative means of establishing specific jurisdiction, involves a three-part inquiry. Marten, 499 F.3d at 297 ("The effects test and traditional specific jurisdiction analysis are different, but they are cut from the same cloth."). First, "[t]he defendant [must have] committed an intentional tort." IMO Indus., Inc., 155 F.3d at 265. Second, "[t]he plaintiff [must have] felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort." Id. Third, "[t]he defendant [must have] expressly aimed [their] tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." Id. at 266 (emphasis added). Notably, "[a] plaintiff must satisfy the expressly aimed element first before a court needs to consider the other two factors." Trico Equip., Inc. v. Manor, No. 08-5561, 2010 WL 1644285, at *3 (D.N.J. Apr. 23, 2010) (citing IMO Indus., 155 F.3d at 259). To satisfy the third prong of the effects test, a plaintiff must: (1) "show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum;" and (2) "point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." IMO Indus., 155 F.3d at 266. "The unique relations among the defendant, the forum, the intentional tort, and the plaintiff may

5

under certain circumstances render the defendant's contacts with the forum—which otherwise would not satisfy the requirements of due process—sufficient." Id. at 265.  However, "[a] plaintiff's mere assertion that the defendant knew that the plaintiff's principal place of business was located in the forum is insufficient to satisfy the third prong of the test." Lawn Doctor, Inc. v. Branon, No. 07–4735, 2008 WL 2064477, at *6 (D.N.J. May 14, 2008) (citing IMO Indus., 155 F.3d at 265) (internal quotation marks and modification omitted).

## III.   DISCUSSION

In its supplemental memorandum in opposition to VTWM's motion to dismiss, WorldScape argues that this Court may exercise personal jurisdiction over VTWM because it has alleged sufficient facts such that the effects test is satisfied.[2]  These new "sufficient facts" stem from WorldScape's discovery that VTWM had concerns about Sails and its allegedly fraudulent activity beginning in late March and early April 2009, but failed to disclose these concerns to WorldScape.  Specifically, WorldScape relies on e-mails and other communications produced during discovery that demonstrate VTWM's concern about the legitimacy of the financial instruments used by Sails to open an account.[3]  (See generally WorldScape Supp. Mem. Opp'n, Doc. No. 54.)  Accordingly, because Retro Marti,[4] and thus VTWM, made allegedly fraudulent communications to WorldScape concerning Sails' ability to perform its contractual obligations under the Subscription Agreement, and knew when they made these communications that WorldScape was located in New Jersey and thus the brunt of any harm stemming from their allegedly fraudulent actions would be felt by WorldScape in New Jersey, VTWM has engaged in

---

[2] WorldScape does not argue that VTWM's forum contacts are "continuous and substantial" such that there is general personal jurisdiction, nor does it argue that there is specific personal jurisdiction based on sufficient minimum contacts; as such, the Court will only focus on whether WorldScape has established specific personal jurisdiction over VTWM under the effects test.

[3] Although VTWM did not share its concerns, it appears that WorldScape had its own concerns about Sails ability to perform.  (See generally Second Am. Compl. ¶¶ 42-50.)

[4] Retro Martri was a former client manager for Vontobel.  WorldScape, 2011 WL 3444218, at *1 & n.4.

intentional and tortious conduct expressly aimed at New Jersey sufficient to establish personal jurisdiction under the effects test.  (WorldScape Supp. Mem. Opp'n 10, 14-15, Doc. No. 54.)

      WorldScape's arguments are unavailing.

      Although WorldScape presents evidence representing "newly discovered knowledge" about when VTWM discovered Sails' mischief, what VTWM knew about Sails and when it knew it does not provide any clarification as to whether "VTWM, through Marti, knew that WorldScape would suffer the brunt of the harm in New Jersey, and that VTWM specifically intended to aim its conduct at New Jersey."  WorldScape, 2011 WL 3444218, at *7.

      As an initial matter, although WorldScape argues to the contrary, VTWM's knowledge that WorldScape was a New Jersey corporation, with significant business opportunities and relationships with other New Jersey corporations, sheds no light on whether VTWM expressly aimed its conduct at the forum.  See Lawn Doctor, Inc. v. Branon, No. 07–4735, 2008 WL 2064477, at *6 (D.N.J. May 14, 2008) ("[a] plaintiff's mere assertion that the defendant knew that the plaintiff's principal place of business was located in the forum is insufficient to satisfy the third prong of the [effects] test," i.e., that the defendant expressly aimed its tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity).  Further, no one from WorldScape or VTWM ever met face-to-face in New Jersey, VTWM did not solicit or mail anything to WorldScape in New Jersey, and neither VTWM or its agents initiated any phone calls to WorldScape; indeed, now, as was the case prior to jurisdictional discovery, the record reveals that WorldScape was solely responsible for initiating all phone calls between the parties.

      Based on the foregoing, WorldScape has failed to establish that VTWM's conduct was expressly aimed at New Jersey such that the Court's exercise of jurisdiction over VTWM would

be proper.  See IMO Industries, 155 F.3d at 266-67 (stating that defendant's knowledge that plaintiff was located in the forum was irrelevant to whether defendant expressly aimed its conduct at the forum, and holding that where the parties had no face-to-face meetings at the forum, defendant sent no letters to the forum, and plaintiff initiated all phone calls between the parties, defendant did not expressly aim its conduct at New Jersey such that plaintiff could rely on the effects test to confer specific jurisdiction).

After affording WorldScape a limited period in which to conduct jurisdictional discovery, it has not presented the Court with any newly discovered evidence to alter the Court's prior conclusion set forth in its August 5, 2011, Opinion.  Absent new evidence demonstrating that VTWM had a specific intent to target WorldScape in New Jersey, the Court does not have personal jurisdiction over VTWM and thus WorldScape's Second Amended Complaint will be dismissed as to this defendant.[5]

## IV.    CONCLUSION

For the foregoing reasons, this Court will **GRANT** VTWM's motion to dismiss.  An appropriate Order shall follow.


Dated:  4/4/2014                                                                s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge

---

[5] To the extent that WorldScape still seeks an order requiring Thomas Fedier, VTWM's CEO, to sit for a deposition in the United States, (WorldScape Supp. Mem. Opp'n 17, Doc. No. 54), the Court declines to grant its request. WorldScape argues that Mr. Fedier's deposition is necessary because his affidavit in support of VTWM's motion to dismiss is riddled with errors and inconsistencies, and because VTWM produced documents indicating the Mr. Fedier, among others at VTWM, were aware that Sails accounts were fraudulently set up and accounts were overdrawn.  However, WorldScape does not demonstrate how Mr. Fedier's testimony would alter the Court's conclusion that it does not have personal jurisdiction over VTWM.  Without more, ordering VTWM to make Mr. Fedier available for a deposition would be nothing more than an exercise in futility.